FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE CAUGHEY; TODD CARLSON; MAT CLARKE; JASON ERICKSON; JON LAW; and ERIK MAGNUSON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BENTON COUNTY,<br><br>　　　　Defendant. | No. 4:22-CV-05062-SAB<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Defendant's Motion for Summary Judgment on Declaratory Judgment Counterclaim, ECF No. 15, and Plaintiffs' Motion for Partial Summary Judgment, ECF No. 20, and Motion to Amend/Correct Complaint, ECF Nos. 32 and 33. Oral argument was heard by Video Conference on December 9, 2022. Ronald B. Leighton appeared on behalf of Plaintiffs. Andrew Cooley appeared on behalf of Defendant.

The parties ask the Court to resolve whether Benton County can be held liable for the unlawful conduct of its former elected Sheriff. The Court concludes that it can.

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** *1

# FACTS

The parties do not dispute any facts material to summary judgment.

Plaintiffs Caughey, Carlson, Clarke, Erickson, Law, and Magnuson are current and former Command Staff who lived and worked through the administration of Sheriff Jerry Hatcher. In November of 2017, Hatcher was elected to a four-year term as Benton County Sheriff. While his earlier career in law enforcement was uncontroversial, once he was elected, Hatcher engaged in wrongful and inappropriate behavior toward Plaintiffs and other staff. Among other things, his behavior included lengthy and unnecessary interrogations, insults, unfounded referrals to investigate unlawful activity, and threats of physical violence.

In January 2020, Hatcher's ex-wife discovered 14,000 rounds of purloined ammunition in the Hatcher family home. Caughey took possession of the contraband and retained it as evidence. Hatcher ordered him to distribute the ammunition to the patrol deputies, but Caughey refused, believing it would amount to tampering with evidence.

On January 30, 2020, Magnuson filed a whistleblower complaint with human resources against Hatcher. Hatcher ordered Caughey to tell him about Magnuson's complaint. On February 14, 2020, Erickson also filed a complaint about Hatcher with another elected County official. Hatcher threatened to fire Erickson if he did not disclose the details of his complaint.

An investigator was hired in March and April of 2020 to investigate the allegations in Magnuson's whistleblower complaint. The investigator found that Hatcher harassed and retaliated against Magnuson for engaging in police union activity, and Hatcher retaliated against witnesses for participating in the investigation.

Hatcher ordered Law to disclose what he revealed to the investigator, and Hatcher threatened to take adverse employment action against Law, Caughey, and

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT *2**

Carlson if they did not lie to the investigator. Hatcher also attempted to place Plaintiffs on the *Brady* list, which would have effectively ended their careers in law enforcement. The action was thwarted by the County Prosecutor.

In 2020 and 2021, Hatcher opened several internal investigations against Plaintiffs in retaliation for their protected activity. He unilaterally amended the anti-harassment and anti-discrimination policy of the Sheriff's Office to no longer allow complaints to be made to the County Prosecutor. Hatcher also threatened demotions and termination of employment if Plaintiffs did not comply with his demands.

Benton County attempted to intervene and stop the hostile work environment created by Hatcher. Commissioners, their staff, and other County elected officials conducted investigations and communicated and held personal meetings with beleaguered deputies. However, the County was unable to stop him.

In August of 2021, voters recalled Hatcher, and he left office.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT *3**

to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

"When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions before ruling on each of them." *Tulalip Tribes of Washington v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

### DISCUSSION

For purposes of summary judgment, there is no dispute that Hatcher's actions were discriminatory, tortious, and wrongful. The question is whether the County can be held liable for its Hatcher's discriminatory, tortious, and wrongful conduct. The answer is – yes.

Washington's sovereign immunity waiver states as follows:

> All local governmental entities, whether acting in a governmental or proprietary capacity, <u>shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their past or present officers, employees, or volunteers while performing or in good faith purporting to perform their official duties</u>, to the same extent as if they were a private person or corporation. Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory.

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT *4**

RCW § 4.96.010(1) (emphasis added). In other words, a governmental entity like the County can be liable for the actions of its officers (1) when they perform their official duties, or (2) when they in good faith purport to perform their official duties.

The County argues that it cannot be liable for Hatcher's conduct unless he was acting "in good faith." The Court disagrees. The Court need not determine whether Hatcher's actions were taken in good faith, because Washington's sovereign immunity waiver has two prongs and is disjunctive. The first prong provides that liability exists where an officer performs an official duty, which is directly applicable to this case. The second prong provides liability where an officer was purporting to perform their official duties in good faith—but, this is only an alternative source of liability under the statute. Here, the County can be liable for the tortious actions of its elected officers when they perform their official duties.

The next issue is whether Hatcher's conduct, as alleged, was in his capacity as an officer for the County. It was. At all relevant times, Hatcher acted as the Sheriff. He interrogated, investigated, and threatened criminal charges against the Plaintiffs. He attempted to add them to the *Brady* list. He threatened demotions and terminations of their employment, and ordered that stolen ammunition found in his home be distributed to his deputies so it could not be retained as evidence against him.

Hatcher was plainly acting in his official capacity as Sheriff and the County's chief law enforcement officer, and Plaintiffs were acting as deputies. Hatcher was acting as a supervisor and employer, and Plaintiffs were acting as his supervisees and employees. Hatcher's only interactions with Plaintiffs were in his capacity as Sheriff and their boss. The hostile work environment created by Hatcher was done pursuant to his authority to make investigative, administrative, and employment decisions in the Sheriff's Office, and therefore, the actions were

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT *5**

taken in his official capacity. Hatcher could not have criminally investigated, demoted, or terminated Plaintiffs absent his authority as Sheriff.

The County also contends it cannot be liable for Hatcher's unlawful actions because of its structure as a commission form government and Hatcher's status as an elected officer. However, Washington's waiver of sovereign immunity does not distinguish between the structures of government entities or whether an officer is elected or appointed. The statute unambiguously provides that a municipality is liable for the tortious conduct of its officers while performing their official duties, notwithstanding the particularities of a situation. RCW § 4.96.010(1). The County's lack of supervisory control over Hatcher and his independence as to how he ran his office is not material to the County's potential liability.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment on Declaratory Judgment Counterclaim, ECF No. 15, is **DENIED**.

2. Plaintiffs' Motion for Partial Summary Judgment, ECF No. 20, is **GRANTED**.

3. Plaintiffs' Motions to Amend/Correct Complaint, ECF Nos. 32 and 33, are **GRANTED**. Plaintiffs are granted leave to file an Amended Complaint.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 16th day of December 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT *6**