FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 02, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE CAUGHEY; TODD CARLSON; MAT CLARKE; JASON ERICKSON; JON LAW; and ERIK MAGNUSON,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>BENTON COUNTY,<br><br>　　　　Defendant. | No. 4:22-CV-05062-SAB<br><br>**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT** |

　　　　Before the Court is Defendant's Motion for Partial Summary Judgment, ECF No. 56. Oral argument was heard by video conference on November 30, 2023. Ronald B. Leighton appeared on behalf of Plaintiffs. Andrew Cooley and Rakiah Adams appeared on behalf of Defendant.

　　　　Defendant seeks the dismissal of Plaintiffs Todd Carlson, Mat Clarke, and Jason Erickson. They also seek to dismiss the claims for violations of the First Amendment, Defamation, Invasion of Privacy, Outrage, Retaliation, and Constructive Discharge. For the reasons stated below, the Court **grants in part** Defendant's motion for partial summary judgment and **remands** the remaining state law claims to state court.

//

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT *1**

## I.    MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## II.    FACTS

The parties do not dispute any facts material to summary judgment. Plaintiffs Caughey, Carlson, Clarke, Erickson, Law, and Magnuson are current and former Command Staff for the Benton County Sheriff's Office who worked through the administration of Sheriff Jerry Hatcher. In November of 2017, Hatcher was elected to a four-year term as Benton County Sheriff. While his earlier career

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT *2**

in law enforcement was uncontroversial, once he was elected, Hatcher engaged in wrongful and inappropriate behavior toward Plaintiffs and other staff. His behavior included lengthy and unnecessary interrogations, insults, unfounded referrals to investigate unlawful activity, and threats of physical violence.

In January 2020, Hatcher's ex-wife discovered 14,000 rounds of purloined ammunition in the Hatcher family home. Caughey took possession of the contraband and retained it as evidence. Hatcher ordered him to distribute the ammunition to the patrol deputies, but Caughey refused, believing it would amount to tampering with evidence.

On January 30, 2020, Magnuson filed a whistleblower complaint with the County's human resources department against Hatcher. Hatcher ordered Caughey to tell him about Magnuson's complaint. On February 14, 2020, Erickson also filed a complaint about Hatcher with another elected County official. Hatcher threatened to fire Erickson if he did not disclose the details of his complaint. Erickson later self-demoted.

An investigator was hired in March and April of 2020 to investigate the allegations in Magnuson's whistleblower complaint. The investigator found that Hatcher harassed and threatened Magnuson for engaging in Guild police union activity, and Hatcher retaliated against witnesses for participating in the investigation, though not through adverse employment actions.

Hatcher ordered Law to disclose what he revealed to the investigator, and Hatcher threatened to take adverse employment action against Law, Caughey, and Carlson if they did not lie to the investigator. Hatcher also attempted to place Plaintiffs on the *Brady* list, which would have effectively ended their careers in law enforcement. The action was thwarted by the County Prosecutor.

In 2020 and 2021, Hatcher opened several internal investigations against Plaintiffs. He unilaterally amended the anti-harassment and anti-discrimination policy of the Sheriff's Office to no longer allow complaints to be made to the

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT *3**

County Prosecutor. Hatcher also threatened demotions and termination of employment if Plaintiffs did not comply with his demands. These threats did not result in such actions.

Benton County attempted to intervene and stop the hostile work environment created by Hatcher. Commissioners, their staff, and other County elected officials conducted investigations and communicated and held personal meetings with beleaguered deputies. However, the County was unable to stop him.

In August of 2021, voters recalled Hatcher, and he left office.

### III.  FIRST AMENDMENT CLAIM

Plaintiffs' federal claims for First Amendment retaliation are unsupported by the facts. To state a claim under 42 U.S.C. § 1983, Plaintiffs "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiffs have failed to allege there are material issues of fact that show the County inhibited Plaintiffs' ability to exercise their First Amendment rights to speak out about the Sheriff's actions as an issue of public concern. *See Pickering v. Bd. of Educ.*, 391 U.S. 563, 574 (1968). The Supreme Court, through several decades of case law applying *Pickering*, has established a five-part test to determine if retaliation has occurred:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Plaintiffs certainly spoke about issues of public concern—the harassing and potentially illegal behavior of

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT *4**

Sheriff Hatcher. *See Connick v. Myers*, 461 U.S. 138, 147–48 (1983). But the facts do not support that they spoke as private citizens or were harmed by an adverse employment action as a result of any speech. Plaintiffs "bear[] the burden of showing the state took adverse employment action" based on speech that was a "substantial or motivating factor" in the action. *Eng*, 552 F.3d at 1071 (citations omitted). An adverse employment action must deter the exercise of First Amendment rights. *See Allen v. Scribner*, 812 F.2d 426, 434 n.17 (9th Cir. 1987). But it "need not be severe and it need not be of a certain kind. Nor does it matter whether an act of retaliation is in the form of the removal of a benefit or the imposition of a burden." *Coszalter v. City of Salem*, 320 F.3d 968, 975 (9th Cir. 2003). Examples of adverse actions include reassignment and harassment for speaking to the press, *see Allen*, 812 F.2d at 428; being banned from meetings and participation in trainings, *see Thomas v. Carpenter*, 881 F.2d 828, 829 (9th Cir. 1989); and being subjected to investigation and refusal to rescind a resignation, *see Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 977 (9th Cir. 2002). That said, mere bad-mouthing or verbal threats may not amount to enough if the actions do not deter the employee from exercising their rights. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998).

Plaintiff Carlson spoke about Sheriff Hatcher to an internal investigator in his role as a public employee. He also did not experience an adverse employment action; he experienced verbal threats but eventually retired by his own choice. Plaintiff Erickson filed a petition for the Sheriff's recall, and the Sheriff targeted him with derogatory comments. But Erickson could not point to an instance of retaliation related to employment. He self-demoted. Plaintiff Clarke did not provide facts showing he faced retaliation in violation of his First Amendment rights.

For the remaining Plaintiffs—Caughey, Law, and Magnuson—no facts indicate their speech was made outside the employment context. The incidents

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT *5**

involved administrative reviews, hostile work experiences, work meetings, and investigative interviews. Speaking with the internal auditor was also in the scope of employment.

Only one plaintiff, Magnuson, presents facts edging toward a First Amendment violation. But his allegations still fall short. Sheriff Hatcher threatened him for posts on social media that did not speak positively about the Sheriff, and Hatcher directed Magnuson to post only messages of support or face termination. Further, Sheriff Hatcher harassed Magnuson for participating in October 2019 and January 2020 Guild letters expressing a lack of support for the Sheriff and seeking his resignation. But while these threats and harassment may have created a hostile work environment, they did not lead to an adverse employment action.

Plaintiffs do not dispute the facts and do not argue any material issue of fact, and the facts as presented do not support claims for First Amendment retaliation under Section 1983. As such, the Court **grants** Defendant's partial motion for summary judgment as to Plaintiffs' First Amendment claims.

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966). The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **remands** the case to Walla Walla County Superior Court.

//
//
//
//
//
//
//
//

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT *6**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment, ECF No. 56, is **GRANTED in part**. Summary judgment is **GRANTED** as to the claims of First Amendment retaliation under 42 U.S.C. § 1983.

2. Defendant's Motion to Strike Plaintiffs' Inadmissible Exhibits, noted in Defendant's Reply, ECF No. 67, is **DISMISSED as moot**.

3. The above-captioned matter is **REMANDED** to Walla Walla County Superior Court.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** this 2nd day of January 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT *7**